UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

POLYLOK, INC., et al.                                                              PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:12CV-535-S

BEAR ONSITE, LLC, et al.                                                           DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Promold & Tool, LLC and Michael J. Hornback, for summary judgment. (DN 37).

This action arose from Hornback's sale of his ownership in Bluegrass Environmental Septic Technology, LLC ("B.E.S.T."), an effluent septic filter business, to the plaintiff, Polylok, Inc., an established company which offers for sale products including wastewater filters and water level control alert devices. Compl., ¶ 11. Included in the assets purchased by Polylok was U.S. Patent No. 6,129,837 (the "'837 patent") entitled "Wastewater Treatment Filter Including Waste Water Level Control Alert Device." Compl., ¶ 13. The Asset Purchase Agreement ("APA") entered into by the parties contained, among other provisions, a covenant stating:

> For a period of five (5) years following the Effective Date, Seller and Michael J. Hornback...covenant and agree that they shall not, directly or indirectly, own, operate, or be employed by any business which manufactures or sells any effluent septic filter, the rights to which are owned by such business doing the manufacturing or selling, which effluent septic filter competes with the Filter within the United States.

APA, § 13.

Polylok filed suit against Hornback; Promold & Tool, LLC ("Promold"), Hornback's company; and Bear Onsite, LLC, a company for whom Hornback was allegedly manufacturing

filters in violation of the APA. Polylok asserted claims for patent infringement, breach of contract, unjust enrichment, and unfair competition. The plaintiffs have moved for leave to file an Amended Complaint and Second Amended Complaint. No objection has been filed thereto. They will therefore be permitted to be filed, (1) adding Premier Promold & Tool, LLC ("Premier," referred to in some documents as "Premier Mold") as a defendant; (2) adding claims for inducement of and contribution in patent infringement; (3) adding a claim for tortious interference with contract; and (4) adding a claim for unfair competition against Bear Onsite.

Hornback and Promold moved for summary judgment on the ground that Hornback is not an officer, director or owner of Premier. Rather, Julia Hornback, the wife of Michael Hornback, is said to be the president and sole owner of Premier. Premier manufactures effluent septic filters for Bear Onsite. Thus Hornback and Promold urge that they cannot be shown to have breached the APA even if Premier is competing with Polylok.

Defendants Hornback and Promold seek summary judgment in the case generally, but do not offer any legal argument concerning their entitlement to judgment as a matter of law beyond citation to a number of cases concerning the interpretation of contracts and a recitation of the summary judgment standard. The original complaint alleges not only breach of contract, but also patent infringement, unjust enrichment, and unfair competition. Further, their summary judgment motion was filed prior to the amendment of the complaint, which added claims for inducement of and contribution in patent infringement, and tortious interference with contract.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*,

536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

In his affidavit, Hornback represents, among other things, that

(1) Neither [Michael Hornback] nor Julia Hornback own or operate Bear Onsite or are employed by Bear Onsite. Hornback Aff., ¶ 7.

(2) Neither [Michael Hornback], Promold & Tool, LLC, Julia Hornback, nor Premier Mold own the rights to the effluent septic filters that Premier Mold manufactures for Bear Onsite, LLC. Upon information and belief, Theo Terry owns the rights to these filters. Hornback Aff., ¶ 8.

(3) Neither [Michael Hornback], Promold & Tool, LLC, Julia Hornback, nor Premier Mold own any rights to any effluent septic filter that is manufactured by [Michael Hornback], Promold & Tool, LLC, or Premier Mold. Hornback Aff., ¶ 9.

Hornback contends that his company, Promold, "is simply a manufacturer of plastic parts," and that he has no involvement with the manufacture and sale of effluent septic filters which would

put him in breach of the APA's non-compete clause. Polylok has come forward with a number of supplemental exhibits which call these representations into question relating to Michael Hornback's business activities and relationship with Theo Terry and Polylok.

Therefore, the court finds that genuine issues of material fact preclude summary judgment in favor of the defendants,[1] and that the defendants have failed to establish entitlement to judgment as a matter of law.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The motions of the plaintiffs, Polylok, Inc., *et al.*, for leave to file an amended complaint (DN 38) and for leave to file a second amended complaint (DN54) are **GRANTED.** The Amended Complaint and Second Amended Complaint are ordered **FILED OF RECORD.**

2. The motion of the defendants, Promold & Tool, LLC and Michael J. Hornback, for summary judgment (DN 37) is **DENIED.**

3. This matter is **REFERRED** to United States Magistrate Judge James D. Moyer for review of discovery status and other case management issues, pursuant to 28 U.S.C. § 636(b)(1)(A).

**IT IS SO ORDERED.**

October 28, 2013

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] Polylok stated in its brief that it is entitled to summary judgment, presumably with respect to the breach of contract claim, although that is not clearly delineated. (DN 42, pp. 3; 6). It has not so moved, however, and the tendered orders do not request judgment for the plaintiffs. In any event, the issue of ownership rights would preclude summary judgment in the plaintiffs' favor at this juncture.