UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00535-DJH

**POLYLOK, INC.,** *et al.*,

                                                                           **Plaintiffs,**

**v.**

**BEAR ONSITE, LLC,** *et al.*, ,                                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the order entered by U.S. Magistrate Judge Lindsay on June, 2, 2015, that both Plaintiffs Polylok, Inc. and Peter W. Gavin Spray Trust ("Plaintiffs") and Defendants Promold and Tool, LLC, Michael J. Hornback, and Premier Promold & Tool, Inc. ("Defendants")[1] submit simultaneous briefs regarding a continued stay of discovery pending a *Markman*[2] ruling. (DN 137.) Both briefs were timely filed on June 12, 2015. (DN 140, 141.) Based on the arguments set forth in those briefs, Defendants' request for a continued stay of discovery pending a *Markman* ruling is **DENIED**.

### I. Discussion

Defendants argue that discovery should continue to be stayed pending a *Markman* ruling. They first argue there is no need to revisit this matter because this Court has already granted a stay on discovery pending a *Markman* ruling in a Court order ("Order") entered on October 31, 2014. (DN 127.) They additionally assert since Plaintiffs did not file a timely motion for reconsideration of the Order, they are not permitted to do so now, over seven months later.

---

[1] Bear Onsite, LLC, is also a defendant in this matter, but is not represented or actively defending itself at this time. (*See* DN 138.)

[2] *Markman v. Westerview Instruments, Inc.*, 517 U.S. 370 (1996).

Furthermore, Defendants claim that a stay on discovery is necessary because further claim construction is needed to define and narrow the scope of discovery. They believe additional claim construction is necessary to address several remaining claim terms that are still in dispute after the denial (DN 120) of Defendants' motion for summary judgement. (DN 81.) Defendants further argue this claim construction has the potential to significantly impact the question of patent infringement in this case, therefore potentially eliminating the need for some discovery. Although Defendants assert this, they do not support their argument with any specific examples of how furthering a stay on discovery could potentially eliminate or even narrow discovery.

Plaintiffs persuasively argue the stay on discovery pending a *Markman* ruling should be lifted. First, they argue the scope of discovery will not materially change regardless of how the Court construes the remaining claim terms. Plaintiffs contend that if the remaining disputed claim terms are actually as critical as Defendants claim they now are, they would have "served as the bases of Defendants' prior motions for stay and would have been the focus of their summary judgment motion." (DN 141.) Furthermore, Defendants have not identified a deposition that would be affected in whole or even in part, and even if they could, only that deposition would be stayed, not the entirety of discovery. (DN 141.)

Second, Plaintiffs contend Defendants have failed to meet their burden of showing "good cause" for a stay under Federal Rule of Civil Procedure 26(c)(1). Fed. R. Civ. P.26(c)(1). Furthermore, "the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Therefore,

here, where a dispositive motion is not even pending, a blanket stay of discovery is inappropriate.

## II. Conclusion

The Court finds that good reason exists to lift the stay of discovery pending a *Markman* ruling. Defendants cannot show good cause for continued stay of discovery under Rule 26(c)(1). Additionally, Defendants have not pointed to—and therefore presumably cannot point to—specific examples of how continuing the stay would reduce, or even impact, any aspect of discovery. Furthermore, discovery has been stayed for nearly a year, during which time the case has not advanced toward a resolution. (DN 115, 127.)

Accordingly, IT IS HEREBY ORDERED that the stay on discovery is lifted.

IT IS FURTHER ORDERED that this case is set for a telephonic status conference on September 1, 2015 at 10:30 a.m. Counsel for the parties shall connect to the conference by dialing the toll-free number 1-888-808-6929 and entering the Access Code: 2773744#.

IT IS FURTHER ORDERED that the parties should confer and submit a joint proposed amended scheduling order no later than five (5) days before the telephonic status conference.

cc: Counsel of record