**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:12-CV-535-DJH-CHL**

**POLYLOK INC, et al.,**                                                   **Plaintiffs,**

**v.**

**BEAR ONSITE, LLC, et al.**                                                  **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Quash Subpoenas (the "Motion to Quash") (DN 200) that was filed by defendants Promold & Tool, LLC, Premier Promold & Tool, Inc., and Michael J. Hornback (together, the "Hornback Defendants") on June 8, 2016. For the reasons set forth below, the motion is DENIED and the Court declines to enter the proposed order.

I. BACKGROUND

The Plaintiffs served twenty-two separate subpoenas on non-parties requesting nineteen various categories of documents relating to the subject matter of the litigation (DN 200 - Exhibit A). In their Motion to Quash, Defendants argue that the vast majority of the subpoenas are "an undisguised financial status fishing expedition" by the Plaintiffs. (DN 200 at 4). The Plaintiffs, however, claim that the subpoenas were issued "to seek information from persons and entities affiliated with the Hornback Defendants to ascertain the extent of the Hornback Defendants' breaches of contract and infringement of the patent-in-suit, not to obtain their financial status." (DN 202 at 2). The Plaintiffs further argue three independent reasons why the Defendants' motion should be denied. First, Defendants lack standing to object to the subpoenas issued to

non-parties. Second, the Hornback Defendants did not confer in good faith with the Plaintiff's prior to filing their motion. And third, the motion is lacking in merit. *Id.* at 2–3.

II. DISCUSSION

Defendants state in their motion to quash that "[a] party may object to a subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B)." (DN 200 at 2). While Rule 45 of the Federal Rules of Civil Procedure offers no direct guidance on the issue of standing, district courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal right exists in the information sought. *See Donahoo v. Ohio Department of Youth Services*, 211 F.R.D. 303, 306 (N.D. Ohio, 2002); *Pogue v. Northwestern Mut. Life Ins. Co.*, 2016 U.S. Dist. LEXIS at *17–18 (W.D. Ky., June 1, 2016); *United States v. Cordes*, 2016 U.S. Dist. LEXIS at *10 (E.D. Mich., Mar 23, 2016). *See also Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 239 (E.D. Va., 2012) (quoting *United States v. Idema*, 118 F. App'x. 740, 744 (4th Cir., 2005) (stating that a personal right may be found where the nature of the information is "highly personal and confidential")); *Robertson v. Cartinhour*, 2010 U.S. Dist. LEXIS 16058, at *3 (D. Md. Feb. 23, 2010) (holding that a party "does not have a personal right to or privilege in the bank records held by third-party [bank]").

Besides a vague reference to the information sought by the Plaintiffs' subpoenas being "potential work product information," the Hornback Defendants implicate neither a privilege nor a right that would warrant the Court to grant the Hornback Defendants standing under the rule. (DN 211 at 5). In fact, upon review of each of the nineteen types of documents requested by the subpoenas, while potentially overbroad in scope, the Court can find no evidence that the

information requested is of such a personal and confidential nature that such a right or privilege exists.

Despite the clear statement of the rule and the lack of evidence asserting a claim of privilege or personal right, the Hornback Defendants argue that they are nonetheless able to challenge the subpoenas under what the Court must assume to be the undue burden standard of Fed. R. Civ. P. 26(c) as it relates to protective orders. (DN 211 at 4). In support of this argument, Defendants cite to a footnote in *Singletary*, which implies that a court may construe a motion to quash under Rule 45 as a motion for a protective order under Rule 26. (DN 211 at 4–5 (citing to *Singletary*, 289 F.R.D. at 240 n.2)). In *Singletary*, after the Plaintiff filed a suit alleging violations of the Fair Labor Standards Act and breach of an employment agreement, the Defendants issued subpoenas to obtain the private employment records of the Plaintiff from four of his previous employers. *Id.* at 238–39. The Plaintiff filed motions to quash the subpoenas as overbroad under Rule 45 and for a protective order under Rule 26 "in order to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 239–42. The Plaintiff asserted that he had standing to challenge the subpoenas since he had a personal right in the information sought. *Id.* at 239. The court agreed, and held that the Plaintiff had standing to challenge the subpoenas due to the highly personal and confidential nature of the information contained in employment records. *Id.* at 240. In dicta, the court also noted that despite the assertion of a personal right in the information sought, the Plaintiff would have had standing to challenge the subpoenas due to their overbreadth under the undue burden standard of Rule 26. *Id.* at 240 n.2 ("Thus, as Plaintiff also has made a motion for a protective order, Plaintiff has standing to challenge the applicable subpoenas duces tecum, regardless of whether the Court considers his Motion under Rule 45 or Rule 26.").

Despite the Hornback Defendants' attempt to liken the current situation to that of the Plaintiff in *Singletary*, the Court is unpersuaded. As an initial matter, unlike in *Singletary*, the Hornback Defendants do not argue, and this Court need not decide, whether a motion for a protective order under Rule 26 is appropriate in the instant case. Courts in the Sixth Circuit have stated that without the requisite standing under Rule 45, a plaintiff may not seek to quash a subpoena issued to a non-party. *See, e.g., Tullis v. Umbank, N.A.*, 2011 U.S. Dist LEXIS 139368 (N.D. Ohio Dec. 5, 2011) (citing to *Donahoo*, 211 F.R.D. at 306) ("While Plaintiffs seek irrelevant and unneeded information, however, [Defendant] has no standing to quash the subpoenas on grounds of undue burden."). Further distinction can be drawn from the fact that unlike in *Singletary*, where the Plaintiff was able to establish standing due to the assertion of a personal right in the information sought, the Hornback Defendants here only offer conclusory assertions of right and privilege in the information sought by the subpoenas.

For these reasons, under the particular circumstances surrounding this motion to quash, the Court concludes that the *Donahoo* case and its progeny compel a finding that the motion to quash be denied for lack of standing.

III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Quash Subpoenas (DN 200) is DENIED.