IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| POLYLOK, INC. and PETER GAVIN AND MICHAEL N. DELGASS, AS TRUSTEES OF THE PETER GAVIN SPRAY TRUST,<br><br>Plaintiffs,<br>v.<br><br>BEAR ONSITE, LLC, PROMOLD & TOOL, LLC, MICHAEL JAY HORNBACK, PREMIER PROMOLD & TOOL, INC., and LIFETIME FILTER, LLC,<br><br>Defendants. | Civil Action No. 3:12-cv-00535-CHB-CHL |

**HORNBACK DEFENDANTS' OMNIBUS OBJECTION AND RESPONSE TO PLAINTIFF'S PRE-TRIAL FILINGS**

Come now Defendants, Michael Jay Hornback, Promold & Tool, LLC, Premier Promold & Tool, Inc., and Lifetime Filter, LLC (collectively, the "Hornback Defendants"), by and through counsel, and hereby file their Omnibus Objection and Response to Plaintiff's Pre-Trial Filings. In support thereof, the Hornback Defendants provide as follows:

**Background and Procedure**

1. On August 31, 202, Plaintiffs, Polylok, Inc. and Peter Gavin and Michael N. Delgass as Trustees of The Peter Gavin Spray Trust. (collectively, "Plaintiffs") filed the following (all collectively the "Pre-Trial Filings"):

   a. Plaintiffs' Witness List and Exhibit List [Doc. Nos. 314].

   b. Plaintiffs' Motion in Limine for Clarification Re: Claim Construction [Doc. No. 315].

      c. Plaintiffs' Motion in Limine to Preclude Expert Testimony of Michael Hornback [Doc. No. 316].

      d. Plaintiffs' Motion in Limine to Preclude Expert Testimony of R. Wayne Stratton [Doc. No. 317].

      e. Plaintiffs' Motion in Limine to Preclude Evidence and/or Argument Re: Dismissed Counterclaim [Doc No. 318].

      f. Plaintiffs' Motion in Limine for Protective Order Designations for Trial Exhibits [Doc. No. 319].

      g. Plaintiffs' Disclosure of Expert Witnesses [Doc. No. 320].

2. By and through this Omnibus Objection and Response, the Plaintiffs address each of the Pre-Trial Filings as detailed below.

<u>Plaintiffs' Witness List and Exhibit List [Doc. Nos. 314]</u>

The Hornback Defendants have no objection to this Witness and Exhibit List.

<u>Plaintiffs' Motion in Limine for Clarification Re: Claim Construction [Doc. No. 315]</u>

The Hornback Defendants have no objection to this motion.

<u>Plaintiffs' Motion in Limine to Preclude Expert Testimony of M. Hornback [Doc. No. 316]</u>

In their Motion in Limine to Preclude the Expert Testimony of Michael Hornback, the Plaintiffs argue and allege, among other things, that Mr. Hornback, "is not qualified to opine on the proper construction of the '837 patent . . ." [Motion at 2], and that the Hornback Defendants "cannot make any such showing that [Michael] Hornback has the requisite experience, training, or education, and has applied a reliable methodology, enabling him to offer expert opinion testimony on an appropriate interpretation of the '837 patent." [Motion at 3].

The Hornback Plaintiffs do not intend to call Mr. Hornback as an expert witness at trial. Therefore, this motion should be denied as moot. If the Court does not deny the motion as moot, then any other ruling should not include a finding as to Mr. Hornback's qualifications to

opine on the proper construction of the '837 patent, or his experience, training, or education that may enable him to offer expert opinion testimony on an appropriate interpretation of the '837 patent.

Plaintiffs' Motion in Limine to Preclude Expert Testimony of Wayne Stratton [Doc. No. 317]

In their Motion in Limine to Preclude the Expert Testimony of R. Wayne Stratton, the Plaintiffs argue and allege, among other things, that Mr. Stratton "should not be allowed to offer any testimony purporting to rebut Fisher's opinions concerning Polylok's damages for breach of contract and common law unfair competition (Counts V and VII)." [Motion at 3].

The Hornback Plaintiffs do not intend to call Mr. Stratton as an expert witness at trial. Therefore, this motion should also be denied as moot.

Plaintiffs' Motion in Limine to Preclude Evidence and/or Argument Re Dismissed Counterclaim [Doc No. 318]

The Hornback Defendants object to this motion on the grounds that the relief requested therein is overly broad an unnecessary. In their motion, the Plaintiffs ask the Court to preclude "any evidence and/or argument about . . ." certain counterclaims that were dismissed as part of this Court's prior Memorandum and Order dated March 9, 2017 [Doc. No 247]. [*See* Motion at 1.] The Hornback Defendants have and will continue to abide by the Court's prior ruling that prevents them from asserting counterclaims for patent invalidity and inequitable conduct, abuse of process, and tortious interference. However, precluding any evidence that would or may have satisfied one or more elements of any of the dismissed counterclaims is wholly inappropriate and is well beyond the scope of the Court's earlier ruling, which was simply the dismissal of counterclaims.

<u>Plaintiffs' Motion in Limine for Protective Order Designations for Exhibits [Doc. No. 319]</u>

The Hornback Defendants have no objection to this motion.

<u>Plaintiffs' Disclosure of Expert Witnesses [Doc. No. 320]</u>

The Hornback Defendants have no objection to this Disclosure of Expert Witnesses.

Respectfully submitted,

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
KBA ID No. 87969
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Tel: (502) 625-2734
astosberg@middletonlaw.com
COUNSEL FOR THE HORNBACK DEFENDANTS

## CERTIFICATE OF SERVICE

It is hereby certified that on September 11, 2020 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to Plaintiffs' attorneys at their electronic addresses as set forth in the ECF system.

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
COUNSEL FOR THE
HORNBACK DEFENDANTS