IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| POLYLOK, INC. and PETER GAVIN AND MICHAEL N. DELGASS, AS TRUSTEES OF THE PETER GAVIN SPRAY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>BEAR ONSITE, LLC, PROMOLD & TOOL, LLC, MICHAEL JAY HORNBACK, PREMIER PROMOLD & TOOL, INC., and LIFETIME FILTER, LLC,<br><br>Defendants. | Civil Action No. 3:12-cv-00535-CHB-CHL |

### HORNBACK DEFENDANTS' OBJECTION TO POLYLOK'S OBJECTION TO WITNESS AND EXHIBIT LIST AND MOTION TO PRECLUDE UNDISCLOSED WITNESSESS AND EXHIBITS

Come now Defendants, Michael Jay Hornback, Promold & Tool, LLC, Premier Promold & Tool, Inc., and Lifetime Filter, LLC (collectively, the "Hornback Defendants"), by and through counsel, and hereby file their Objection to Polylok's Objection to Witness and Exhibit List and Motion to Preclude Undisclosed Witnesses and Exhibits. In support thereof, the Hornback Defendants provide as follows:

1.	On September 4, 2020, Plaintiffs, Polylok, Inc. and Peter Gavin and Michael N. Delgass as Trustees of The Peter Gavin Spray Trust. (collectively, "Plaintiffs") filed their Objection to Polylok's Objection to Witness and Exhibit List and Motion to Preclude Undisclosed Witnesses and Exhibits [Doc. No. 322] (the "Polylok Objection"). In the Polylok Objection, Polylok asks the Court to preclude the Hornback Defendants from offering any

testimony or exhibits at trial, and to award Polylok its fees and costs incurred in this pretrial process due to the Hornback Defendants' alleged violation of Rule 26(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Rules"). For the reasons set forth herein, the Hornback Defendants state that the Polylok Objection and the relief sought therein should be overruled due to Plaintiff's failure to comply with Rule 37(a)(1) of the Rules.

2. Rule 37(a)(1) provides in relevant part that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). However, the Rule provides further that the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

3. Counsel for Plaintiff failed to file the requisite certification that they in good faith conferred or attempted to confer with undersigned counsel concerning the Hornback Defendants' purported failure to make sufficient Rule 26(a)(3) disclosures prior to filing the Polylok Objection. The reason for the lack of certification is that Plaintiff did not comply with Rule 37(a)(1). Had Plaintiff complied with Rule 37(a)(1), the Hornback Defendants state that this matter would have been resolved with a simple phone call by Plaintiff's counsel to undersigned counsel asking the Hornback Defendants to supplement their Witness and Exhibit List, to the extent it was necessary to do so.[1]

4. As a preliminary general proffer that can be discussed more during the Pre-Trial Conference scheduled on September 21, the Hornback Defendants would highlight that Mr. Hornback is the sole witness identified, he is not asserting any claims, and he's going to defend

---

[1] Undersigned counsel has frequently and consistently communicated with Plaintiff's counsel about issues in this case, and has always worked cordially and professionally to resolve any issues raised by the Plaintiffs.

himself and his companies against any and all claims prosecuted by the Plaintiffs' at trial. He has also agreed that he's not providing expert testimony. If more information is needed, the Hornback Defendants will gladly disclose it upon reasonable request from Plaintiff's counsel, and will supplement their witness list as required.

5. Because of Plaintiff's garish tactic and willful failure to comply with Rule 37(a)(1), Plaintiff's counsel was forced to spend a gorgeous Friday afternoon drafting this Objection instead of playing outside with his wife and three-month baby son in order to tell the Court "the rest of the story." Besides this admitted selfish grousing, more troubling is the Hornback Defendants get billed for this ridiculous exercise, and undersigned counsel's paralegal sacrificed her afternoon off in order to file this Objection.[2]

Based on the foregoing, the Polylok Objection and the relief sought herein should be overruled, and the Court should award the Hornback Defendants' its fees and costs for having to fund and endure this unnecessary litigation skirmish caused by Plaintiffs.

        Respectfully submitted,

        /s/ Andrew D. Stosberg
        Andrew D. Stosberg
        KBA ID No. 87969
        MIDDLETON REUTLINGER
        401 S. Fourth Street, Suite 2600
        Louisville, Kentucky 40202
        Tel: (502) 625-2734
        astosberg@middletonlaw.com
        COUNSEL FOR THE HORNBACK DEFENDANTS

---

[2] Undersigned counsel apologizes profusely to Marie Field and states on the record that he owes Marie a gift card to her favorite restaurant for ruining her Friday afternoon.

## CERTIFICATE OF SERVICE

      It is hereby certified that on September 18, 2020 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to Plaintiffs' attorneys at their electronic addresses as set forth in the ECF system.

                                          */s/ Andrew D. Stosberg*
                                          Andrew D. Stosberg
                                          COUNSEL FOR THE
                                          HORNBACK DEFENDANTS