# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| POLYLOK, INC. and PETER GAVIN AND MICHAEL N. DELGASS, AS TRUSTEES OF THE PETER GAVIN SPRAY TRUST,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BEAR ONSITE, LLC, PROMOLD & TOOL, LLC, MICHAEL JAY HORNBACK, PREMIER PROMOLD & TOOL, INC., and LIFETIME FILTER, LLC,<br><br>　　　　Defendants. | Civil Action No. 3:12-cv-00535-CHB-CHL |

**HORNBACK DEFENDANTS' OBJECTION TO POLYLOK'S MOTION
FOR JUDGMENT OF INJUNCTION ON COUNT V
OF THE THIRD AMENDED COMPLAINT**

Come now Defendants, Michael Jay Hornback, Promold & Tool, LLC, Premier Promold & Tool, Inc., and Lifetime Filter, LLC (collectively, the "Hornback Defendants"), by and through counsel, and hereby file their Objection to Polylok's Motion for Judgment of Injunction on Count V of the Third Amended Complaint. In support thereof, the Hornback Defendants provide as follows:

1. On September 4, 2020, Plaintiffs, Polylok, Inc. and Peter Gavin and Michael N. Delgass as Trustees of The Peter Gavin Spray Trust. (collectively, "Plaintiffs") filed their Objection to Polylok's Motion for Judgment of Injunction on Count V of the Third Amended Complaint [Doc. No. 323] (the "Polylok Motion"). In the Polylok Motion, Polylok moves for judgment against Hornback in the form of an injunction, in lieu of money damages, specifically

enforcing a five-year covenant not to compete as the parties originally agreed. (*See* Motion at 1.) Polylok proceeds to argue that granting this motion now would be appropriate because the relief sought is purportedly purely legal and involves no issues of disputed fact for trial, and it would promote judicial efficiency by substantially narrowing the issues for trial. (*See* Motion at 1-2.) These arguments and assertions are problematic and fail for at least two reasons

2. <u>First</u>, this injunctive relief that Polylok curiously characterizes as a form of specific performance[1] is inappropriate because the remedy of damages is available. Polylok has already acknowledged and conceded this critical point in its Witness ad Exhibit List, which states that Polylok will offer Ms. Lindsey G. Fisher, MBA, CFE as a witness to provide expert testimony regarding Polylok's alleged damages claims in connection with Count V, and that she will opine on the amount of damages for which the Hornback Defendants may be liable. (*See* Polylok Disclosure of Witnesses and Exhibits [Doc. 314] at 2.) Also, notably, Polylok reserves the right to seek damages at trial in the Polylok Motion (*See* Motion, n1.)

3. <u>Second</u>, Polylok's suggestion that the nature and extent of any relief sought by Polylok is purely legal and involves no issues of disputed fact is simply erroneous. Fundamentally, decisions of equity inherently involve an analysis of the facts and circumstances of the underlying claim and any liability. Moreover, as previously noted, Polylok's own extensive witness and exhibit lists reflects that the issue of relief and remedies is fact-intensive. Finally, the Hornback Defendants obviously dispute the relief sought, and Mr. Hornback's

---

[1] The Sixth Circuit appears to distinguish between the remedies of specific performance and injunctions as distinct forms of relief by generally recognizing that affirmative relief makes a demand for damages or specific performance of a duty while negative relief (e.g., an injunction) seeks to nullify a challenged action. *See generally Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 906 (6th Cir. 2014). Based on this distinction, the Hornback Defendants assert that Polylok is improperly disguising a request for an injunction as a form of specific performance.

testimony at trial will provide support in opposition to the amount of damages or forms of equitable relief sought by Polylok.

4. The Hornback Defendants further emphasize that the injunction requested and contemplated by Polylok would be in express violation of the <u>expired</u> five-year covenant not to compete cited by Polylok. The covenant admittedly allows for certain injunctions restraining the Hornback from "any further breaches by the breaching party." (*See* APA ¶ 13, a copy of which is attached hereto as Exhibit A.) The term of the covenant, however, has expired, so this contractual injunctive remedy is no longer available. *See Hodges v. Schlinkert Sports Assocs.*, 89 F.3d 310, 312 (6th Cir. 1996) (enforcement of noncompete clause is moot since that provision expired by its own terms). Therefore, Polylok's request is, at best, purely a creature of equity. And, as previously stated, matters of equity inherently involve evaluation of facts and circumstances, which are disputed by the parties here.

5. <u>Third</u>, to the extent Polylok wishes to seek some "specific performance injunction" or other form of equitable relief, this must be done as part of an evidentiary proceeding, and not through simple motion practice that lacks any evidentiary support. Therefore, in this case, judicial economy warrants that Polylok's request, if appropriate, could be readily pursued at the November trial, which is a mere month away.

Based on the foregoing, the Polylok Motion and the relief sought therein should be overruled without prejudice, and the Court could consider requests for equitable relief sought by Polylok only after the conclusion of a trial, once the Hornback Defendants are afforded due process and given an opportunity to put on their case.

Respectfully submitted,

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
KBA ID No. 87969
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Tel: (502) 625-2734
astosberg@middletonlaw.com
COUNSEL FOR THE HORNBACK DEFENDANTS

### CERTIFICATE OF SERVICE

It is hereby certified that on October 1, 2020 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to Plaintiffs' attorneys at their electronic addresses as set forth in the ECF system.

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
COUNSEL FOR THE
HORNBACK DEFENDANTS