## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

---

| | |
|---|---|
| POLYLOK, INC. and PETER GAVIN AND MICHAEL N. DELGASS, AS TRUSTEES OF THE PETER GAVIN SPRAY TRUST, | :<br>:<br>:  Civil Action No. 3:12-cv-535-S<br>: |
| Plaintiffs, | : |
| v. | : |
| BEAR ONSITE, LLC, PROMOLD & TOOL, LLC, MICHAEL JAY HORNBACK, and PREMIER PROMOLD & TOOL, INC. | :<br>:<br>:<br>: |
| Defendants. | |

---

### POLYLOK'S REPLY IN FURTHER SUPPORT OF MOTION FOR JUDGMENT OF INJUNCTION ON COUNT V OF THE THIRD AMENDED COMPLAINT

Hornback's Objection [R. 330] only underscores the importance of entering judgment *now* on Polylok's remedy for Hornback's breach of contract. During the September 21, 2020 pretrial conference, Hornback represented that he would file for bankruptcy before the start of trial, which would, according to Hornback's counsel, cause this entire action to be stayed. *See* Memorandum of Pretrial Conference and Order Amending Pretrial Order [R. 329]. By now urging the Court to delay resolution of Polylok's legal remedy for his *already-determined liability* for breach of contract until after a trial, Hornback is transparently trying to prevent Polylok from receiving any remedy at all. As discussed further below, there is no viable basis for Hornback's Objection, let alone any further delay, and the Court should grant Polylok's Motion [R. 323].

To begin with, Hornback asks the Court to apply the wrong legal standard.[1] Notwithstanding Hornback's unsupported claim to the contrary, specific performance is a viable remedy even if the alternative remedy of damages is available. [*See* R. 330 at 2] The issue is not whether damages are *available*, but rather, whether damages are *adequate*. [*See* R. 323 at 2] Given that Wisconsin courts have recognized the inherent challenge of definitely ascertaining the amount of damages flowing from the breach of a noncompete,[2] there can be no dispute that specific performance is necessary to award Polylok the benefit of its bargain with Hornback, avoid the risk of an inadequate damages award to Polylok, and prevent Hornback from receiving an improper windfall by getting paid under the APA while also unfairly profiting during the original noncompete period. *See* Restatement (Second) of Contracts § 357 (1981) ("An order of specific performance is intended to produce as nearly as is practicable the same effect that the performance due under a contract would have produced. It usually, therefore, orders a party to render the performance that he promised.").

In support of his claim that damages are available to Polylok, Hornback argues, without any authority whatsoever, that Polylok's disclosure of its expert witness somehow precludes Polylok from electing the remedy of specific performance. [*See* R. 330 at 2] Hornback is

---

[1] In a footnote, Hornback suggests "that Polylok is improperly disguising a request for an injunction as a form of specific performance." [*See* R. 330 at 2 n.1] In support of this statement, Hornback cites to *Michigan Corrections Organization v. Michigan Dept. of Corrections*, 774 F.3d 895, 899 (6th Cir. 2014), a completely inapposite case involving claims for overtime pay under the Fair Labor Standards Act and Michigan state law. Simply put, Wisconsin law – not Sixth Circuit jurisprudence, federal statutes, or Michigan statutory or common law – governs Polylok's claim under the APA [R. #247 at 18]. In any event, Polylok has made no attempt to hide that it has requested the remedy of specific performance in the form of an injunction. The title of Polylok's Motion [R. 323] alone makes that clear.

[2] *E.g., Selmer Co. v. Rinn*, 789 N.W.2d 621, 631-32 (Wis. Ct. App. 2010) (explaining that "damages for breach of a noncompete . . . cannot be definitely ascertained or determined" and "[t]he party who has been determined to have breached such a contract should not be permitted to profit from that difficulty of proof").

wrong. Wisconsin courts recognize that plaintiffs may assert claims for specific performance *and* actual damages. *See, e.g.*, *Yee v. Giuffre*, 499 N.W.2d 926, 928 (Wis. App. 1993) (explaining that claims for specific performance and actual damages are alternative theories of recovery that are not inconsistent). As indicated in Polylok's opening Motion, the Court should order specific performance given that it is the most precise and equitable remedy available to Polylok on Count V, and moreover, that entry of such an order would promote judicial efficiency by substantially narrowing the issues for trial. That Polylok reserves its right to pursue money damages as an alternative remedy in the event that the Court denies this Motion has nothing to do with whether specific performance is appropriate.

With regard to Hornback's second and third points, [*See* R. 330 at 2, 3] Hornback is unable to identify a single disputed fact or issue requiring evidentiary proof implicated by Polylok's requested relief. There are none. It is overwhelmingly clear that there is no reason for delaying resolution of the Motion, even if Hornback would prefer to run out the clock as he prepares to declare bankruptcy. Judgment of liability on Count V has entered. As part of that ruling, the Court already determined that the noncompete is enforceable and that Hornback breached its terms by failing to stay out the filter industry for five years. Accordingly, this Motion requests enforcement of nothing more than what Hornback originally promised, but failed, to do. There are no genuine issues of material fact to be tried on Count V. All that remains is for the Court to decide whether specific performance is appropriate. For all the reasons discussed above and in Polylok's opening papers, that determination is a legal one, not requiring a trial of disputed facts.

As an additional basis for arguing that the Court needs a trial before it can decide whether to order specific performance, Hornback claims that the APA's noncompete period has

expired. [*See* R. 330 at 3] Hornback seems to confuse a request to enforce a noncompete during the term of a contract with the remedy of specific performance.[3] For this argument, Hornback relies on *Hodges v. Schlinkert Sports Associates, Inc.*, 89 F.3d 310, 311 (6th Cir.1996). As with *Michigan Corrections Organization*, discussed *supra* at note 1, *Hodges* is a Sixth Circuit case involving inapplicable state law – this time Alabama law. 89 F.3d at 311. Again, Wisconsin, not Alabama, law is controlling on Count V. In *Hodges*, the plaintiff sought a declaratory judgment that the parties' noncompete was unenforceable. *Id.* In response, the defendants filed a counterclaim alleging that the plaintiff had breached the parties' contract and requesting a preliminary injunction to enforce the noncompete during the pendency of the litigation. *Id.* Even if *Hodges* was controlling, which it is not, it is completely off-point. Unlike here, where Polylok requests specific performance in the form of an injunction as its remedy for a claim on which judgment of liability already has entered, the defendants in *Hodges* sought to enforce a noncompete through a preliminary injunction before the court had even determined whether the parties' contract was enforceable. Indeed, the *Hodges* court itself observed that, to the extent defendants later prevailed on the merits of their claim for breach of contract – something Polylok already has done here – they could be entitled "*to an injunction that could be effective after the time specified in the Contract.*" *Hodges*, 89 F.3d at 312 (emphasis added).

---

[3] To the extent the APA language cited by Hornback has any bearing on Polylok's requested remedy, that language further demonstrates that specific performance in the form of an injunction is appropriate. *See Beidel v. Sideline Software, Inc.*, 842 N.W.2d 240, 249 (Wis. 2013) ("We have stated that when a contract specifies remedies available for breach of contract, the intention of the parties generally governs."). In the APA, Hornback explicitly agreed that, "[i]n the event of a breach of the terms of the covenant, [Hornback agrees] that [Polylok] . . . shall be entitled as a matter of right, to an injunction . . . ." APA, § 13. Contrary to Hornback's suggestion otherwise, the parties did not limit this injunctive remedy to the duration of the covenant not to compete breached by Hornback.

For the foregoing reasons, and those stated in Polylok's opening Motion [R. 323], Polylok respectfully requests that the Court grant its Motion and enter judgment against Defendant Michael Jay Hornback on Count V of the Third Amended Complaint in the form of the proposed order of injunction submitted with Polylok's opening Motion [R. 323-1].

                            Respectfully submitted,

                            */s/ Kevin M. Smith*
                            Kevin M. Smith
                            WIGGIN AND DANA LLP
                            One Century Tower
                            265 Church Street
                            New Haven, CT 06510
                            Phone: (203) 498-4400
                            Fax: (203) 782-2889
                                    and
                            Terence J. Brunau
                            Murtha Cullina LLP
                            One Century Tower
                            265 Church Street, 9th Floor
                            New Haven, CT 06510
                            Phone: (203) 772-7700
                            Fax: (203) 772-7723
                                    and
                            W. Scott Croft
                            Dentons Bingham Greenbaum LLP
                            101 S. Fifth Street
                            350 National City Tower
                            Louisville, Kentucky 40202
                            Phone: (502) 589-4200
                            Fax: (502) 587-3695

                            COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

  /s/ Terence J. Brunau_____
Terence J. Brunau
COUNSEL FOR PLAINTIFFS